IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEL AGUILA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GENENTECH-ROCHE TRANSITIONAL BENEFIT PLAN, an unknown entity; GENENTECH, INC.; GENENTECH PLAN ADMINISTRATOR; GENENTECH PLAN FIDUCIARY; and DOES 1-50,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　/ | No. C 14-4265 MMC<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　Before the Court is the "Motion to Dismiss," filed November 5, 2014, by defendants Genentech-Roche Pharma Transitional Benefits Plan, Genentech, Inc., and Plan Administrator of the Genentech-Roche Pharma Transitional Benefits Plan (collectively, "Genentech"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff Michael del Aguila ("Aguila") has filed opposition, to which Genentech has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 19, 2014, and rules as follows.

　　　　By its motion, Genentech seeks dismissal of the Second through Seventh Causes of Action as alleged in Aguila's complaint, on the ground each said cause of action is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").[1]  In

---

[1] Aguila's First and Eighth Causes of Action allege violations of ERISA.

1  response, Aguila opposes dismissal of the Third Cause of Action (Negligence) and Fourth
2  Cause of Action (Negligent Misrepresentation), consents to dismissal of the Sixth Cause of
3  Action (Breach of Business & Professions Code § 16600), and seeks leave to amend to
4  plead his Fifth Cause of Action (Breach of Fiduciary Responsibility) as an ERISA claim and
5  the allegations in his Second Cause of Action (Breach of Contract) and Seventh Cause of
6  Action (Quiet Title) as part of his ERISA claims.

7  As Genentech correctly points out, Aguila's negligence causes of action are subject
8  to dismissal.  Contrary to Aguila's arguments, each such claim "relate[s] to an employee
9  benefit plan."  See 29 U.S.C. § 514(a) (providing all state laws preempted by ERISA
10 "insofar as they may now or hereafter relate to any employee benefit plan described
11 [thereunder]"); (Compl. ¶ 55 (alleging Genentech employees' "negligence" and "wrongful
12 advice," specifically, failure to fully inform him as to conduct affecting eligibility, "proximately
13 caused [p]laintiff to have his benefits under the [Genentech-Roche Transitional Benefits
14 Plan] denied")); see also Ingersoll–Rand Co. v. McClendon, 498 U.S. 133, 138 (1990)
15 (holding congress used the words "relate to" in their "broad sense"); Pizza v. Fin. Indus.
16 Regulatory Auth., Inc., 2013 WL 1891405, at *4 (N.D. Cal. May 6, 2013) (finding fraud
17 claim preempted by ERISA where plaintiff alleged defendant's employee failed to advise
18 him terms of plan required him to begin working by specified date in order to be eligible for
19 early retirement with full benefits).

20 Accordingly, the Second through Seventh Causes of Action are hereby DISMISSED
21 and Aguila is hereby afforded leave to amend his complaint to plead, where appropriate,
22 the facts alleged therein as claims under ERISA.  Aguila shall file any amended complaint
23 no later than January 9, 2014.

24 **IT IS SO ORDERED.**

25
26 Dated: December 9, 2014
                                                                          _____
                                                                          MAXINE M. CHESNEY
                                                                          United States District Judge
27
28

2