**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEL AGUILA, <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH-ROCHE TRANSITIONAL BENEFIT PLAN, an unknown entity; GENENTECH, INC.; GENENTECH PLAN ADMINISTRATOR; GENENTECH PLAN FIDUCIARY; and DOES 1-50, <br><br> Defendants. | No. C 14-4265 MMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT FOR FORUM NON CONVENIENS** |

Before the Court is the "Motion for Partial Dismissal of First Amended Complaint for Forum Nonconveniens," filed March 31, 2015, by defendants Genentech-Roche Pharma Transitional Benefits Plan, Genentech, Inc., and Plan Administrator of the Genentech-Roche Pharma Transitional Benefits Plan (collectively "Genentech"). Plaintiff Michael Del Aguila ("Dr. Del Aguila") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 8, 2015, and rules as follows.

On September 22, 2014, Dr. Del Aguila filed suit against Genentech, alleging entitlement to benefits, including stock-settled appreciation rights ("S-SARs"), all of which he contends are governed by the Genentech-Roche Pharma Transitional Benefits Plan (the

"Transitional Benefits Plan"). By the instant motion, Genentech seeks to enforce a forum selection clause contained in the Roche S-SAR Plan ("S-SAR Plan"), and, on grounds of forum non conveniens, dismissal of Dr. Del Aguila's complaint to the extent it is based on his claim for S-SARs. See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 580 (2013) (holding "[t]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens").

As noted, Dr. Del Aguila contends this action, including his claim for S-SARs, is brought under the Transitional Benefits Plan, and, in particular, a provision therein which states: "If you have a claim for benefits which is denied in whole or in part, you may file suit in Federal Court." (See Sotelo-Esparza Decl. Ex. E (Transitional Benefits Plan) at 11.) As Genentech correctly points out, however, the Transitional Benefits Plan itself clearly designates the S-SAR Plan as the controlling document for disposition of S-SARs. (See id. at 7 ("The disposition of any equity awards (i.e., S-SARs or RSUs[1]) you may have received from the company will be determined in accordance with the terms of your award agreement(s) and the equity plan governing such awards.")[2] Given said express provision, the Court finds the S-SAR Plan controls the instant dispute over Dr. Del Aguila's entitlement to S-SARs. Accordingly, the Court next turns to the question of the mandatory forum selection clause contained therein.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" and should deny a forum non conveniens motion "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." Atl. Marine, 134 S. Ct. at 581. Here, the S-SAR Plan's forum

---

[1] "RSU," an acronym for "restricted stock unit," is not further defined in the materials submitted by the parties.

[2] As defined in the S-SAR Plan, an S-SAR is a right granted thereunder to receive a Roche Genussschein, a "non-voting equity security" listed on the Swiss Stock Exchange. (See Sotelo-Esparza Decl. Ex. A (S-SAR Plan), Art. 3).

selection clause provides as follows: "Any disputes arising under or in connection with this Plan shall be resolved by the Courts of Basel, Switzerland" (See Sotelo-Esparza Decl. Ex. A, Art. 27). Dr. Del Aguila does not contest the validity of the clause. Rather, he argues the requested dismissal should be denied on other grounds.

At the outset, Dr. Del Aguila argues the motion must be denied because federal district courts have exclusive jurisdiction over claims for denial of benefits under ERISA (see Opp'n at 6:1-9 (citing 29 U.S.C. § 1132(e)). The Court disagrees. As noted above, the disposition of S-SARs is governed by the S-SAR Plan. Dr. Del Aguila does not argue the S-SAR Plan is an ERISA plan, nor does it appear that he could. See 29 U.S.C. § 1002(3) (defining "employee benefit plans"); Vincenzo v. Hewlett-Packard Co., 2012 WL 4838442 (N.D. Cal. Oct. 10, 2012) (finding company stock plan not governed by ERISA); see also Bell v. Pfizer, Inc., 626 F.3d 66, 69 (2d Cir. 2010) (describing defendant's "Stock and Incentive Plan" as "non-ERISA plan").

Dr. Del Aguila next argues that the doctrine of forum non conveniens does not permit the dismissal of only a portion of a case. The two cases on which he relies, however, are distinguishable on their facts, as neither contained a forum selection clause applicable to only part of the parties' dispute,[3] and, consequently, the instant issue was never raised in those cases. See Atlantic Marine, 134 S. Ct. at 575 (considering forum selection clause covering "all disputes between the parties"); Norwood, 349 U.S. at 30 (considering change of venue motion brought under 28 U.S.C. § 1404). Although the Ninth Circuit does not appear to have had occasion to address the issue, Genentech has cited several cases in which courts have granted partial dismissals on forum non conveniens grounds where the forum selection clause was applicable to only part of the claims. This Court finds the reasoning therein persuasive. See, e.g., Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir. 2007) (holding "our twin commitments to upholding forum selection

---

[3] Indeed, one did not contain any forum selection clause. See Norwood v. Kirkpatrick, 349 U.S. 29 (1955).

3

clauses where these are found to apply and deferring to a plaintiff's proper choice of forum constrain us in the present context to treat [plaintiff's] claims separately"; noting "district courts are required to compel arbitration of claims subject to arbitration clause even if the result is piecemeal litigation" (internal quotation and citation omitted).) Additionally, as Genentech points out, if courts were unable to order such partial dismissals, a plaintiff could effectively nullify a contractual provision for an agreed upon forum simply by adding a claim not covered thereunder.

Dr. Del. Aguila further argues that Roche is not a party to the Transitional Benefits Plan and, consequently, cannot enforce the S-SAR Plan's forum selection clause. This argument likewise is unavailing. The disposition of S-SARs is, as noted above, governed by the S-SAR Plan. The S-SAR Plan defines "Roche" to include its subsidiaries, and defines a "subsidiary" as "any foreign or domestic corporation owned, in whole or in part, directly or indirectly, by Roche Holding. (See Sotelo-Esparza Decl. Ex. A, Art. 3.) The Court takes judicial notice that, in 2009, Roche Holding acquired Genentech. See Fed. R. Evid. 201(b)(2). Genentech thus may enforce its forum selection clause in this action.

Lastly, citing Zelinski v. Columbia 300, Inc., 335 F.3d 633 (7th Cir. 2003), Dr. Del Aguila argues Genentech waited too long in bringing the instant motion. In Zelinski, the Seventh Circuit found the district court did not abuse its discretion in denying a forum non conveniens motion filed less than one month before trial. Id. at 643. Here, trial is not set to begin until November 30, 2015, eight months from the date defendants filed their motion. Moreover, in contrast to Zelinski, any time spent thus far on the case by the Court and parties will not be wasted as the instant action will continue on Dr. Del Aguila's remaining claims. Although Dr. Del Aguila argues he will be prejudiced as he expects he will "get hit with a statute of limitations defense," the potential bar to which he refers concerns a contract deadline that applies prior to the inception of litigation (see Opp'n at 7:13-18 (pointing to S-SAR Plan, Article 19 ¶ 4) (providing S-SARs must be exercised within six months of termination)).

Accordingly, to the extent the First Amended Complaint is based on claims for

S-SARs, the motion is hereby GRANTED and said claims are hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: May 4, 2015

MAXINE M. CHESNEY
United States District Judge